JS 44  (Rev 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Jerome Sisco

**DEFENDANTS**

City of Philadelphia, Police Officer Matthew Blaszczyuk, Police Officer White, and Police Officer Larry Aitken and Police Officer John Doe 1-3

**(b)** County of Residence of First Listed Plaintiff    Philadelphia

*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Rania Major, Esquire
2915 North 5th Street, Philadelphia, PA  19133
(215) 291-5009

Attorneys *(If Known)*

Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983

Brief description of cause:
Excessive force by police, assault and battery

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*    JUDGE _____    DOCKET NUMBER _____

DATE
09/03/2013

SIGNATURE OF ATTORNEY OF RECORD
*(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| Jerome Sisco | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| City of Philadelphia, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                         ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (x)


| 09/03/2013 | Rania Major | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-291-5009 | 215-279-7107 | allcourts@comcast.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2347 West Norris Street, Phila., PA 19121

Address of Defendant: Law Dept., 1515 Arch St., 14th Floor, Phila., PA 19102

Place of Accident, Incident or Transaction: 1300 Block West Cambria Street, Phila., PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐ No☒

Does this case involve multidistrict litigation possibilities?    Yes☐ No☒
*RELATED CASE, IF ANY.*
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Rania Major , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 09/03/2013 _____ 51298
                    Attorney-at-Law         Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 09/03/2013 _____ 51298
                    Attorney-at-Law         Attorney I.D.#

CIV. 609 (5/2012)

RANIA MAJOR, ESQUIRE
RANIA MAJOR-TRUNFIO, P.C.
2915 North 5th Street
Philadelphia, Pa 19133
Identification Number: 51298
(215) 291-5009                                        **ATTORNEY FOR PLAINTIFF**

*IN THE UNITED STATES DISTRICT COURT*
*FOR THE EASTERN DISTRICT OF PENNSYLVANIA*

| | | |
|---|---|---|
| **JEROME SISCO** | : | |
| 2347 W. Norris Street | : | |
| Philadelphia, PA  19121 | : | **CIVIL ACTION NO.** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| **CITY OF PHILADELPHIA** | : | |
| 1515 Arch Street, 14th Floor | : | |
| Philadelphia, PA  19102 | : | |
| | : | |
| **and** | : | |
| | : | |
| **POLICE OFFICER MATTHEW** | : | |
| **BLASZCZYUK** | : | |
| **Badge# 6382, Individually and in his Official** | : | |
| **Capacity as a Police Officer of the City of** | : | |
| **Philadelphia** | : | |
| 1515 Arch Street, 14th Floor | : | |
| Philadelphia, PA  19102 | : | |
| | : | |
| **and** | : | |
| | : | |
| **POLICE OFFICER __ WHITE ,** | : | |
| **Badge# 7097, Individually and in his Official** | : | |
| **Capacity as a Police Officer of the City of** | : | |
| **Philadelphia** | : | |
| 1515 Arch Street, 14th Floor | : | |
| Philadelphia, PA  19102 | : | |
| | : | |
| **and** | : | |
| | : | |

**POLICE OFFICER LARRY AITKEN ,**                        :
**Badge# 207612, Individually and in his Official**   :
**Capacity as a Police Officer of the City of**          :
**Philadelphia**                                         :
**1515 Arch Street, 14th Floor**
**Philadelphia, PA  19102**                              :
                                                         :
                     **AND**                             :
                                                         :
**POLICE OFFICERS JOHN DOE 1-3**                         :
**Badge# s UNKNOWN, Individually and in their:**
**Official  Capacities as Police Officers of the**       :
**City Of Philadelphia**                                 :
**1515 ARCH STREET, 15TH FLOOR**                         :
**PHILADELPHIA, PA. 19102**                              :
                                                         :
                 **Defendants**                          :

## NOTICE

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
1101 Market Street
11th Floor
Philadelphia, PA 19107
(215) 238-6300

## ADVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plaza al partir de la fe de la demanda y la notificacion.  Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objecciones a las demandas en contra de su persona.  Sea avisado que si usted no se

defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENDUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Philadelphia Bar Association
1101 Market Street
11th Floor
Philadelphia, PA 19107
(215) 238-6300

**RANIA MAJOR, ESQUIRE**
**RANIA MAJOR-TRUNFIO, P.C.**
**2915 North 5th Street**
**Philadelphia, Pa 19133**
**Identification Number: 51298**
**(215) 291-5009**                                              **ATTORNEY FOR PLAINTIFF**


*IN THE UNITED STATES DISTRICT COURT*
*FOR THE EASTERN DISTRICT OF PENNSYLVANIA*

| | | |
|---|---|---|
| **JEROME SISCO** | : | |
| **2347 W. Norris Street** | : | |
| **Philadelphia, PA  19121** | : | **CIVIL ACTION NO.** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **CITY OF PHILADELPHIA** | : | |
| **1515 Arch Street, 14th Floor** | : | |
| **Philadelphia, PA  19102** | : | |
| | : | |
| **and** | : | |
| | : | |
| **POLICE OFFICER MATTHEW** | : | |
| **    BLASZCZYUK** | : | |
| **Badge# 6382, Individually and in his Official** | : | |
| **Capacity as a Police Officer of the City of** | : | |
| **Philadelphia** | : | |
| **1515 Arch Street, 14th Floor** | : | |
| **Philadelphia, PA  19102** | : | |
| | : | |
| **and** | : | |
| | : | |
| **POLICE OFFICER __ WHITE ,** | : | |
| **Badge# 7097, Individually and in his Official** | : | |
| **Capacity as a Police Officer of the City of** | : | |
| **Philadelphia** | : | |
| **1515 Arch Street, 14th Floor** | : | |
| **Philadelphia, PA  19102** | : | |
| | : | |
| **and** | : | |
| | : | |

POLICE OFFICER LARRY AITKEN ,                    :
Badge# 207612, Individually and in his Official  :
Capacity as a Police Officer of the City of      :
Philadelphia                                      :
1515 Arch Street, 14th Floor          :
Philadelphia, PA  19102                          :
                                                  :
   and                            :
                                                  :
POLICE OFFICERS JOHN DOE 1-3                     :
Badge# s UNKNOWN, Individually and in their:
Official  Capacities as Police Officers of the   :
City Of Philadelphia                              :
1515 ARCH STREET, 15TH FLOOR                     :
PHILADELPHIA, PA. 19102                          :
                                                  :
       **Defendants**    :

## CIVIL ACTION COMPLAINT

    1.     Plaintiff, Jerome Sisco, is an adult citizen and resident of the Commonwealth of Pennsylvania residing as captioned.

    2.     Defendant, City of Philadelphia (hereinafter "City"), is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains its principal offices as captioned.

    3.     Defendants, Police Officer Matthew Blaszczyuk, Badge No. 6382; Police Officer – White, Badge No.7097; Police Officer Larry Aitken, Badge No. 207612; Police Officer John Doe 1, Badge No. Unknown; Police Officer John Doe 2, Badge No. Unknown; Police Officer John Doe 3, Badge No. Unknown (hereinafter Defendants, "Police Officers") were, at all material times, employed as police officers with the City of Philadelphia Police Department.  They are being sued both individually and in their official capacities as officers, agents and/or employees of the City of Philadelphia. The Doe officers' identities are currently unknown.

    4.     At all relevant and material times hereto, Defendants, Police Officers, acted within the course and scope of their employment, under color of state law and pursuant to the

customs, policies and practices of the City of Philadelphia Police Department and the Defendant, City of Philadelphia.

5.      This Court has jurisdiction over plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343 and jurisdiction over the state law claims pursuant to the principals of pendant and ancillary jurisdiction.

6.      Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because the cause of action upon which the complaint is based arose in the City of Philadelphia, which is in the Eastern District of Pennsylvania.

7.      On or about August 1, 2011, at approximately 2:15 p.m., the Plaintiff Jerome Sisco, was talking to someone at or about the 1300 block of West Cambria Street, in the City of Philadelphia, when a patrol car operated by Defendant Police Officer Blaszczyuk in which Defendant Police Officer White was a passenger, came into the area. Said police car then chased the plaintiff until he fell in a grassy lot. At that time, Defendants John Doe Officers 1 – 3 and Defendant Police Officer Larry Aitken came into the grassy area. The plaintiff was on the ground when all defendant officers began to kick, beat, hit and otherwise assault him.  Some of the defendant officers left the grassy area and came back with a gun that they said was the plaintiff's.

8.      The Defendant Police Officers arrested the plaintiff on charges including possession of a firearm with the serial number altered, firearms not to be carried without a license and carrying firearms in public in Philadelphia.   The arrest was without probable cause or warrant, with malice, and for a purpose other than to bring the plaintiff to justice. Defendant Blaszczyk claimed that he and his partner, Defendant White, stopped the plaintiff for investigation due to robberies in the area without any probable cause to believe the plaintiff was involved. The plaintiff was not charged with resisting arrest or disorderly conduct at any time, nor did any of the defendants claim that he resisted or that they were injured.

9.      During the course of the arrest, the Defendant Police Officers assaulted the plaintiff with a metal object, punches, fists and kicks.  Plaintiff did not resist arrest, and the force was used without justification or cause.

10.      As a direct and proximate result of the aforementioned acts and conduct of the Defendant Police Officers and the policies, customs and practices of Defendant, City, Plaintiff, Jerome Sisco, has sustained serious injuries, including, but not limited to, loss of his two front upper teeth, a laceration to his lip resulting in a permanent scar; facial abrasions; headaches; injuries to his cervical, thoracic, and lumbar spine; rib injuries; depression, and emotional distress, all of which may be permanent in nature.

11.      As a direct and proximate result of the aforementioned actions of the Defendant Police Officers and the policies, customs and practices of Defendant City, Plaintiff, Jerome Sisco, has suffered disability, mental anguish and emotional distress and will continue to suffer same for an indefinite time in the future his great detriment and loss.

12.      As a direct and proximate result of the aforementioned action of the Defendant Police Officers and the policies, customs and practices of Defendant City, Plaintiff, Jerome Sisco, has been obliged to and may continue to expend various sums of money and to incur various expenditures, debts and/or liens for medical and/or dental treatment as well as other out-of-pocket expenses for an indefinite period of time in the future, to his great detriment and loss.

13.      As a direct and proximate result of the aforementioned actions of the Defendant Police Officers and the policies, customs and practices of Defendant City, Plaintiff, Jerome Sisco, has sustained and will continue to sustain loss of employment and other financial expenses and losses.

## COUNT I - 42 U.S.C. § 1983 AND
## FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS
## AND PENNSYLVANIA CONSTITUTIONAL VIOLATIONS –
## EXCESSIVE USE OF FORCE
## JEROME SISCO V. POLICE OFFICER MATTHEW BLASZCZYUK, BADGE NO. 6382; POLICE OFFICER – WHITE, BADGE 7097; POLICE OFFICER LARRY AITKEN, BADGE NO. 207612; POLICE OFFICER JOHN DOE 1, BADGE NO. UNKNOWN; POLICE OFFICER JOHN DOE 2, BADGE NO. UNKNOWN; POLICE OFFICER JOHN DOE 3, BADGE NO. UNKNOWN

14.     The preceding paragraphs are incorporated herein by reference, as though each were fully set forth at length below.

15.     As aforesaid, Defendants Police Officer Matthew Blaszczyuk, Badge No. 6382; Police Officer – White, Badge 7097; Police Officer Larry Aitken, Badge No. 207612; Police Officer John Doe 1, Badge No. Unknown; Police Officer John Doe 2, Badge No. Unknown; and, Police Officer John Doe 3, Badge No. Unknown, deprived Plaintiff of his rights, privileges and immunities under the laws and Constitutions of the United States, in particular, the right to be free from the use of excessive force, which action violated plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States, as well as under the Constitution of the Commonwealth of Pennsylvania.

16.     Defendant Police Officers intentionally, deliberately and maliciously used unjustified physical force on the plaintiff and placed him in fear of imminent bodily harm, which violated plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States as well as the Constitution of the Commonwealth of Pennsylvania.

17.     As a direct and proximate result of the intentional, deliberate and malicious actions of the Defendant Police Officers plaintiff suffered the injuries and damages that are described above.

18.     The above-described actions of the Defendant Police Officers in their individual and official capacities were so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiff's rights and well being, that the imposition of punitive damages is

warranted.

**WHEREFORE**, plaintiff, demands compensatory and punitive damages against the Defendants, jointly and/or severally, in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

**COUNT II – 42 U.S.C. §§ 1983 AND**
**FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS -**
**CONSPIRACY**
**JEROME SISCO V. POLICE OFFICER MATTHEW BLASZCZYUK, BADGE NO.**
**6382;  POLICE OFFICER – WHITE, BADGE 7097; POLICE OFFICER LARRY**
**AITKEN, BADGE NO. 207612; POLICE OFFICER JOHN DOE 1, BADGE NO.**
**UNKNOWN; POLICE OFFICER JOHN DOE 2, BADGE NO. UNKNOWN; POLICE**
**OFFICER JOHN DOE 3, BADGE NO. UNKNOWN**

19.     The preceding paragraphs are incorporated herein by reference as though each were fully set forth below.

20.     As detailed above, Defendants Police Officer Matthew Blaszczyuk, Badge No. 6382; Police Officer – White, Badge 7097; Police Officer Larry Aitken, Badge No. 207612; Police Officer John Doe 1, Badge No. Unknown; Police Officer John Doe 2, Badge No. Unknown; and, Police Officer John Doe 3, Badge No. Unknown, for illegal and unconstitutional reasons, entered into a conspiracy to violate the plaintiff's Fourth and Fourteenth Amendment rights to be free from the use of excessive force and bodily injuries.

21.     As detailed above, it was the Defendant Police Officers' agreement or meeting of the minds to beat, assault and batter the plaintiff illegally and without cause.

22.     As detailed above, the conspiracy directly and proximately resulted in harm to the plaintiff, including the deprivation of his rights and privileges under the Constitution of the United States, as well as under the Constitution of the Commonwealth of Pennsylvania.

23.As a direct and proximate result of the malicious, intentional and reckless actions of the Defendant Police Officers, the plaintiff suffered the injuries and damages described above.

24. The above described actions of the Defendant Police Officers were so malicious, intentional, and reckless and displayed such a reckless indifference to the plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, plaintiff, demands compensatory and punitive damages against the Defendants, jointly and/or severally, in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

### COUNT III – 42 U.S.C. §§ 1983 AND FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS - BYSTANDER LIABILITY
### JEROME SISCO V. POLICE OFFICER MATTHEW BLASZCZYUK, BADGE NO. 6382; POLICE OFFICER – WHITE, BADGE 7097; POLICE OFFICER LARRY AITKEN, BADGE NO. 207612; POLICE OFFICER JOHN DOE 1, BADGE NO. UNKNOWN; POLICE OFFICER JOHN DOE 2, BADGE NO. UNKNOWN; POLICE OFFICER JOHN DOE

25. The preceding paragraphs are incorporated herein by reference as though each were fully set forth below.

26. Defendants Police Officer Matthew Blaszczyuk, Badge No. 6382; Police Officer – White, Badge 7097; Police Officer Larry Aitken, Badge No. 207612; Police Officer John Doe 1, Badge No. Unknown; Police Officer John Doe 2, Badge No. Unknown; Police Officer John Doe 3, Badge No. Unknown, were present at and participated in the illegal and unconstitutional assault, battery and beating and use of excessive force against the Plaintiff, Jerome Sisco.

27. The Defendant Police Officers, had a duty to intervene and stop or prevent the unconstitutional assault, battery, beating and use of excessive use of force against the Plaintiff.

28. The Defendant Police Officers had time to intervene and stop or prevent the unconstitutional assault, battery, beating, and excessive use of force against the plaintiff, but failed to so act.

29. As detailed above, the failure of the Defendant Police Officers to intervene and

stop, or prevent, the unconstitutional assault, battery, beating and use of excessive force against the plaintiff directly and proximately resulted in harm to the plaintiff, including the deprivation of his rights and privileges under the Fourth and Fourteenth Amendments to the Constitution of the United States , as well as under the Constitution of the Commonwealth of Pennsylvania.

30.     As a direct and proximate result of the aforesaid malicious, intentional and reckless actions and of failure to act of the Defendant Police Officers, the plaintiff suffered the injuries and damages described above.

31.     The above described actions and failure to act of the Defendant Police Officers were so malicious, intentional, and reckless and displayed such a reckless indifference to the plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, plaintiff, demands compensatory and punitive damages against the defendants, jointly and/or severally, in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

**COUNT IV - 42 U.S.C. §§ 1983 AND FOURTH AND FOURTEENTH
AMENDMENT VIOLATIONS
MONELL CLAIM - FAILURE TO TRAIN AND SUPERVISE
JEROME SISCO V. CITY OF PHILADELPHIA**

32.     The preceding paragraphs are incorporated herein by reference as though each were fully set forth below.

33.     As of the time of the incident giving rise to this action, Defendant City  had adopted and maintained for many years a recognized and accepted policy, custom, and/or practice of encouraging, condoning and/or  acquiescing in the use of excessive force by police officers during arrests, which policy, custom, and/or practice  was  in violation of the Fourth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983 and the Constitution of the Commonwealth of Pennsylvania.

34.     As of the time of the incident giving rise to this action, Defendant City had adopted and maintained for many years, a recognized and accepted policy, custom and/or

practice of systematically failing to properly train, supervise and discipline police officers, including the individual defendants, regarding constitutional restraints on the police power to use excessive force during arrests, which policy, custom, and/or practice violated the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. Section 1983 and the Constitution of the Commonwealth of Pennsylvania.

35.    As the time of the incident giving rise to this action, Defendant City had for many years had a custom or policy or practice of failing to properly investigate matters in which police officers used or were alleged to have used excessive force, which policy, custom, and/or practice violated the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. Section 1983 and the Constitution of the Commonwealth of Pennsylvania.

36.    As of the time of the incident giving rise to this action, Defendant City for many years had been deliberately indifferent to the rights of individuals to be free from the use of excessive force during arrests, which deliberate indifference violated the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. Section 1983 and the Constitution of the Commonwealth of Pennsylvania.

37.    As of the time of the incident giving rise to this action, Defendant City had for many years deliberately, knowingly and intentionally failed to take measures to stop or limit the aforesaid policies, customs and practices, including but not limited to, the following:

a.    Failure to prevent the excessive use of force, assault and battery, during arrests by City of Philadelphia Police Officers and Detectives;

b.    Failure to properly supervise and control its police officers regarding the excessive use of force, assault and battery during arrests;

c.    Failure to properly discipline its Police Officers for use of excessive force, assault and battery during arrests;

d.    Failure to have proper counseling, use of force re-training, sensitivity training, psychiatric evaluations, or supervisory briefing/discussion with members of its police

department with prior and ongoing complaints of excessive force, assault and battery during arrests;

e.       Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigation resulting in appropriate and documented corrective actions at all levels of the City of Philadelphia Police Department with regard to complaints of the excessive use of force, assault and battery during arrests;

f.       Failure to have in existence and/or maintain proper personnel training procedures necessary to prevent the type of conduct as aforesaid;

g.       Failing to provide adequate guidance, including police directives, as to when it was inappropriate to use force and the lawful amount of force to effectuate a detention and/or arrest;

h.       Failing to provide proper training and/or retraining regarding when and how to use fists, feet, batons and tasers or any other object or police body part that could cause injury to another

All of the foregoing violated the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. Section 1983 and the Constitution of the Commonwealth of Pennsylvania.

38.       As a direct and proximate result of the aforesaid unlawful policies, customs, and practices of Defendant City, the plaintiff's right to be free from excessive force under the Fourth and Fourteenth Amendments of the Constitution of the United States, 42 U.S.C. Section 1983 and the Constitution of the Commonwealth of Pennsylvania were violated and plaintiff suffered the injuries and damages described above

**WHEREFORE**, plaintiff, demands compensatory and punitive damages against the Defendants, jointly and/or severally, in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

## COUNT V - ASSAULT AND BATTERY
### JEROME SISCO V. POLICE OFFICER MATTHEW BLASZCZYUK, BADGE NO. 6382; POLICE OFFICER – WHITE, BADGE 7097; POLICE OFFICER LARRY AITKEN, BADGE NO. 207612; POLICE OFFICER JOHN DOE 1, BADGE NO. UNKNOWN; POLICE OFFICER JOHN DOE 2, BADGE NO. UNKNOWN; POLICE OFFICER JOHN DOE 3

39.    The preceding paragraphs are incorporated herein by reference, as though each were fully set forth herein at length.

40.    Plaintiff, Jerome Sisco, believes and therefore avers that Defendants Police Officer Matthew Blaszczyuk, Badge No. 6382; Police Officer – White, Badge No. 7097; Police Officer Larry Aitken, Badge No. 207612; Police Officer John Doe 1, Badge No. Unknown; Police Officer John Doe 2, Badge No. Unknown; and, Police Officer John Doe 3, Badge No. Unknown acting within the course and scope of their authority, wrongfully and unlawfully assaulted and battered the plaintiff, as more particularly described hereinabove.

41.    Plaintiff, Jerome Sisco, specifically complains of the conduct of the Defendant Police Officers in physically assaulting, battering and abusing him.

42.    The above-described actions of the said defendants placed the plaintiff in the reasonable fear of imminent bodily harm and resulted in the plaintiff being unlawfully and improperly touched, assaulted, battered, injured and abused against his will.

43.    As a direct and proximate result of the malicious, intentional and/or reckless actions of the Defendant Police Officers, the plaintiff suffered injuries and damages that are described herein.

**44.**    The above-described actions of the Defendant Police Officers were so malicious, intentional, reckless and displayed such a reckless indifference to the plaintiff's rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff, Jerome Sisco, demands compensatory and punitive damages against Defendants, Police Officers, jointly and/or severally, in an amount in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

## <u>JURY TRIAL DEMAND</u>

A jury trial is requested.

RESPECTFULLY SUBMITTED,

BY:  _____

Rania Major, Esquire
Attorney ID No. 51298
2915 N. 5th Street
Philadelphia, PA  19133
(215) 291-5009